UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:  07-CV-60738-ALTONAGA-BROWN

CHABAD OF NOVA, INC., A Florida
Not For Profit Corporation

    Plaintiff,

v.

CITY OF COOPER CITY,
a Florida Municipality

    Defendant.
_____/

### PLAINTIFF'S REVISED MOTION TO AMEND FINAL JUDGMENT TO INCLUDE PREJUDGMENT INTEREST AND INCORPORATE PRIOR ORDERS OF THE COURT

Plaintiff, CHABAD OF NOVA, INC. ("Chabad"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 59(e) and Southern District of Florida Local Rule 7.1, respectfully submits its Revised Motion to Amend Final Judgment to Include Prejudgment Interest and to Incorporate Prior Orders of the Court ("Chabad's Motion"), and in support thereof states as follows:

### BACKGROUND

On May 25, 2007, Chabad served its eight-count Complaint on Defendant, City of Cooper City.  [DE # 01].  Thereafter, Chabad filed an Amended Complaint on October 29, 2007. [DE # 32].  Certain issues were decided by the Court by way of a judgment on the pleadings [DE #43] and a partial summary judgment [DE #119].  A trial was held on the remaining claims and on damages raised in Chabad's Amended Complaint from August 4, 2008, through August 7, 2008.  The jury found for Chabad on all of its claims and ultimately awarded $325,750.00 as

**economic** damages to Chabad. [DE # 142]. On August 8, 2008, the Court filed a Final Judgment [DE # 143] awarding Chabad $325,750.00, with post-judgment interest accruing in accordance with 28 U.S.C. § 1961. The Final Judgment does not address Chabad's entitlement to prejudgment interest. Prejudgment interest is awardable on economic damages in §1983 cases, subject to the discretion of the Court. The Final Judgment also does not incorporate, by reference or otherwise, the prior Memorandum Opinions of the Court granting judgment on the pleadings and partial summary judgment. Accordingly, Chabad respectfully moves the Court to amend the Final Judgment to reflect an award of prejudgment interest to Chabad in an amount set forth below, and to incorporate by reference the two prior Memorandum Opinions granting judgment on the pleadings [DE #43] and partial summary judgment [DE # 119].

## MEMORANDUM OF LAW

The jury in this case determined Chabad's economic damages to be $325,750.00. [DE # 142]. Federal law applies on the issue of prejudgment interest since federal question jurisdiction was invoked in this case. *Nat'l R.R. Passenger v. Rountree Trans.*, 286 F.3d 1233, 1259 fn 25 (11th Cir. 2002). Under federal law, prejudgment interest should ordinarily be awarded for economic damages, absent some justification for withholding such an award. *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983). There appear to be no cases in the Eleventh Circuit specifically addressing the issue of prejudgment interest in the context of section 1983 awards. However, as for other Circuits, every Court of Appeals to have considered the issue has held that prejudgment interest is available in section 1983 cases, although they differ over the proper legal standard to apply. *Foley v. City of Lowell*, 948 F.2d 10, 17 (1st Cir. 1991); *Miner v. City of Glens Falls*, 999 F.2d 655, 662 (2d Cir. 1993); *Pressy v. Patterson*, 898 F.2d 1018, 1026 (5th Cir. 1990); *Winter v. Cerro Gordo County Conservation Bd.*, 925 F.2d 1069, 1073 (8th Cir.

1991); *Malloy v. Monahan*, 73 F.3d 1012, 1019 (10th Cir. 1996).  In the Eleventh Circuit, as in the Fifth and Eighth, if the federal law at issue provides no substantive standards for the allowance of prejudgment interest, the court will look to state law as a reference point for purposes of convenience and practicality.  *Nat'l R.R. Passenger v. Rountree Trans.*, 286 F.3d 1233, 1259 fn 25 (11th Cir. 2002).  Since 42 U.S.C. § 1983 is silent on the question of prejudgment interest, this Court can look to Florida law governing the award of prejudgment interest.  Under Florida law, "when a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss."  *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So.2d 212,215 (Fla. 1985).

The policy of our federal courts is to award "full and complete" relief to victims of a civil rights violation.  In *Carey v. Piphus*, 435 U.S. 247 (1978), the Supreme Court held that damages under § 1983 must be governed by "the principle that a person should be compensated fairly for injuries caused by the violation of his legal rights."  *Id.* at 257.  Furthermore, 42 U.S.C. § 1988 "authorizes courts to look to the common law of the States where this is 'necessary to furnish suitable remedies' under § 1983."  *Id.* at 258, n. 13.  If Chabad had brought its 1983 claims for violation of its civil rights in Florida state court, Chabad would be entitled to a prejudgment interest at the applicable statutory rates in Florida.  Interest rates in Florida are established in accordance with section 55.03, Florida Statutes.  Under Florida law, the interest rate in 2005 was 7%, in 2006 the interest rate was 9%, and in 2007 the interest rate was 11%.  *Due Process Ltd. v. Alternative Debt Servs.*, 2007 WL 1428661 (N.D. Fla. 2007).

In the absence of a controlling federal statute, the ***rate*** at which to set the amount of prejudgment interest is also within the discretion of a federal court and the Court is again guided

by relevant state law. *In re International Admin. Serv., Inc.*, 408 F.3d 689, 710 (11th Cir. 2005). Consistent with the policy of the federal courts to award full and complete relief to victims of a civil rights violation, it is respectfully submitted that the state statutory rate of interest should be applied for prejudgment interest.

Chabad received an award of $325,750.00 in economic damages. The date of violation of Chabad's civil rights commenced on October 11, 2005, when the City unlawfully cited Chabad for operating in violation of the City's unlawful code. Prejudgment interest on Chabad's economic damage of $325,750.00 from October 11, 2005, until the date judgment was entered (August 8, 2008) using an interest rate of 7% for 2005 ($62.47 per diem), 9% for 2006 ($80.32 per diem), and 11% for 2007 and 2008 ($98.17 per diem), the prejudgment interest that should be awarded in this case is $91,904.49.

Finally, because the issues in this case were decided in the district court by a **combination** of: (1) a grant of judgment on the pleadings; (2) a grant of partial summary judgment; and (3) a jury verdict, it is respectfully requested that the Memorandum Opinions granting judgment on the pleadings [DE #43] and partial summary judgment [DE #119] be incorporated by reference in the Final Judgment.

## CERTIFICATE OF COUNSEL

Undersigned counsel contacted counsel for Defendant and is authorized to represent that Defendant opposes the relief sought in this Motion. In accordance with Local General Rule 7.1.A, and the August 15, 2008, Order of this Court [DE #145], a proposed Order and proposed Amended Final Judgment are being submitted with the instant Motion.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>ARNSTEIN AND LEHR LLP
>Counsel for Defendants
>200 East Las Olas Blvd. Suite 1700
>Ft. Lauderdale, Florida 33301
>Phone: (954) 713-7600/Facsimile: (954) 713-7700
>flzemel@arnstein.com
>jtgordon@arnstein.com
>
>By: /s/ Franklin L. Zemel
>    Franklin L. Zemel, Esq.
>    Florida Bar No. 816620
>    Jason Gordon, Esq.
>    Florida Bar No. 0012973

## CHABAD OF NOVA, INC. V. CITY OF COOPER CITY
## CASE NO. 07-CV-60738-ALTONAGA

## SERVICE LIST

Franklin L. Zemel, Esq.
Jason Gordon, Esq.
ARNSTEIN AND LEHR LLP
Counsel for Plaintiff
200 East Las Olas Blvd. Suite 1700
Ft. Lauderdale, Florida 33301
Telephone:  (954) 713-7600
Facsimile:  (954) 713-7710
flzemel@arnstein.com
jtgordon@arnstein.com

Michael T. Burke, Esquire
Johnson, Anselmo, Murdoch, Burke,
 Piper & McDuff, P.A.
Counsel for Defendant
2455 East Sunrise Boulevard, Suite 1000
Ft. Lauderdale, Florida 33304
Telephone: (954) 463-0100
Facsimile: (954) 463-2444
Burke@jambg.com